ED CHAMBLISS v. STATE.

No. A-2102. Opinion Filed November 21, 1914.

Appeal from Superior Court, Muskogee County;

Farrar L. McCain, Judge.

Ed Chambliss was convicted of a violation of the prohibitory law, and appeals. Affirmed.

Crump, Crump & Garrett, for plaintiff in error.

Chas. West, Atty. Gen., and C. J. Davenport, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was tried and convicted on an information which charged the unlawful possession of fifty gallons of whisky and one gallon of wine, with the intention of selling the same, and on the 5th day of July, 1913, in accordance with the verdict of the jury, he was sentenced to be confined for sixty days in the county jail, and to pay a fine of two hundred and fifty dollars, and the costs.

Upon a careful examination of the record our conclusion is that this appeal is without merit. The information is sufficient and it appears that the plaintiff in error had a fair trial. The judgment of conviction is, therefore, affirmed.

---

In re WILLIAM J. BARBER.

Nos. A-2323, A-2324. Opinion Filed December 5, 1914.

PER CURIAM. The petitions for the writ of habeas corpus in No. A-2323 and A-2324 were brought for the purpose of securing bail. The petitioner, W. J. Barber, at the time of the filing of the petitions in this court, had been committed by Lee Daniel, justice of the peace of Tulsa county, in cause No. A-2323 charged with the murder of Ed Plank, committed on the 23rd day of July, 1914. The court is of opinion that bail should be denied in No. A-2323, and the writ discharged, and it is so ordered.

In cause No. A-2324 petitioner was held in the custody of the sheriff by commitment from the same justice of the peace, charged with the murder of Holmes Davidson. The court is of opinion that bail should be allowed in this case and bail fixed at twenty thousand dollars, to be approved by the clerk of the superior court of Tulsa county under the supervision of the judge of the superior court of said county, whose duty it shall be to see that the bond is in proper form, and in every way in keeping with the provisions of the statute.